UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERARDO DIONICIO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANITA HARPER, in her personal capacity; DOES 1-10,<br><br>Defendant. | No. 1:20-cv-00494-NONE-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. Nos. 11, 13, 14) |

## INTRODUCTION

Plaintiff Herardo Martinez ("plaintiff") filed this suit against defendant Anita Harper ("defendant") for allegedly discriminating against plaintiff on the basis of his sexual orientation in violation of 42 U.S.C. § 1983. Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. No. 11.)

## BACKGROUND

Defendant is a former Deputy Public Guardian for Fresno County who previously served as a general conservator for Robert Camarillo ("the conservatee"). The conservatee is a developmentally delayed adult who was placed under a general conservatorship in 2013. Plaintiff was engaged in a romantic relationship with the conservatee from 2011–2016. (Doc. No. 9 at ¶¶ 8–11.) From 2013 to 2016, plaintiff corresponded "frequently" with defendant regarding the

1   conservatee's health and progress.  (*Id*. at ¶ 11.)

2   During this time, the conservatee was residing in a group home to receive proper care and
3   supervision.  (*Id*. at ¶ 8–9.)  In 2016, plaintiff believed that the conservatee was receiving
4   inadequate care in the group home, so plaintiff requested that the California Department of
5   Developmental Services conduct a review of the conservatee's care.  (*Id*. at ¶ 12.)  The
6   conservatee's group home caretakers then alleged that plaintiff was abusing the conservatee.  (*Id*.)

7   The abuse allegations were relayed to defendant, who filed a Request for a Temporary
8   Retraining Order ("TRO") in Fresno County Superior Court to prohibit plaintiff from seeing the
9   conservatee.  (*Id*. at ¶ 13.)  The 2016 TRO request incorporated the abuse allegations, including a
10  claim that plaintiff was a "sexual predator."  (*Id*.)  Defendant swore to these allegations under
11  penalty of perjury.  (*Id.*)  Fresno County Judge Tyler Tharpe held a hearing on the allegations and
12  then rejected the TRO application.  (*Id*. at ¶ 18.)

13  Two years later, in March 2018, the Fresno County Public Guardian again sought to
14  restrain plaintiff from contacting the conservatee.  (*Id*. at ¶ 19.)  To do so, the Public Guardian
15  filed another TRO request and attached the 2016 TRO request with defendant's abuse allegations;
16  defendant again swore to the allegations.  The 2018 TRO request was granted.  (*Id.*)

17  On March 26, 2018, plaintiff brought his first lawsuit against defendant, alleging
18  discrimination.  (Doc. No. 11-3 at 10–16.)  This suit included a claim under 42 U.S.C. § 1983 and
19  also named defendant's employer as a party.  Plaintiff's initial complaint alleged that defendant's
20  abuse allegations were false and motivated by bias against plaintiff's sexual orientation.  The
21  defendants in that suit, including defendant Harper, removed the action to the United States
22  District Court in June 2018, where it was assigned to District Judge Lawrence O'Neill.  *See*
23  *Martinez v. City of Fresno*, No. 1:18-cv-00793 (E.D. Cal. June 8, 2018).

24  The scheduling order in that case required that pleading amendments be filed by October
25  15, 2018, and trial was originally set for April 16, 2020.  (Doc. No. 11-3 at 23).  Plaintiff waited
26  until August 19, 2019 to depose defendant Harper.  At that deposition, defendant Harper's
27  admitted that she knew, when she swore to the abuse allegations in 2016, that the abuse
28  allegations against plaintiff were false.  As a result of defendant's admission, plaintiff sought

2

leave to amend his complaint to remove the County of Fresno as a defendant from this action; sue defendant Harper only in her individual capacity; and add Dr. Dawnmarie Risley—who, along with defendant Harper, made abuse allegations in support of the 2016 TRO request—as a defendant. (Doc. No. 11-3 at 18–27.) Judge O'Neill denied plaintiff leave to amend because, among other things, defendant Harper's deposition did not reveal new facts; plaintiff's original complaint had already alleged that defendant Harper had fabricated the abuse allegations. (Doc. No. 11-3 at 42–43.)

Six days after Judge O'Neill denied plaintiff's request for leave to amend his complaint in the federal court action, plaintiff sued defendant in her individual capacity in the Fresno County Superior Court and then stipulated to the voluntarily dismissal of the federal court action. (Doc. No. 11-3 at 45–47.)

The defendants in the Fresno County Superior Court action, including defendant Harper and the Fresno County Public Guardian, quickly moved to strike plaintiff's complaint under California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. The anti-SLAPP motion was set for hearing on April 8, 2020. On April 6, 2020, plaintiff filed the instant matter, and on April 7, 2020—the day before the anti-SLAPP motion hearing—plaintiff voluntarily dismissed the state court action with prejudice.

The instant action, like the two preceding it, is based on the same facts and injuries. Defendant argues that this case should be dismissed because (1) plaintiff's § 1983 cause of action is time-barred as filed; (2) plaintiff's claims are precluded under the doctrine of *res judicata*; and (3) plaintiff's allegations in his first amended complaint are not plausible. This court reaches only the first two issues, as both compel dismissal.

**ANALYSIS**

**A.     Judicial Notice**

Before turning to defendant's motion to dismiss, the court first considers defendant's request for judicial notice of documents in support of their motion. (Doc. No. 11-2.) Plaintiff has not objected to judicial notice. Defendant has requested judicial notice of the following documents:

3

1. The 2018 TRO application (Doc. No. 11-3, Ex. A);
2. The Notice of Hearing for the 2018 TRO application (Doc. No. 11-3, Ex. B);
3. Plaintiff's complaint filed in Fresno County Superior Court on March 26, 2018, No. 18CECG1020 (Doc. No. 11-3, Ex. C);
4. Plaintiff's motion for leave to file his first amended complaint in his first federal court action against defendant Harper and others, as well as the magistrate judge's findings and recommendations, plaintiff's objections thereto, and Judge O'Neill's order denying plaintiff's motion for leave to amend (Doc. No. 11-3, Exs. D–G);
5. The stipulation dismissing the first federal case (Doc. No. 11-3, Ex. H);
6. Plaintiff's first amended complaint filed in Fresno County Superior Court on February 6, 2020, No. 19CECG04623 (Doc. No. 11-3, Ex. I);
7. Plaintiff's request for dismissal of the superior court action, with prejudice (Doc. No. 11-3, Ex. J); and
8. Fresno County Superior Court Judge Kimberly Gaab's order granting defendants attorneys' fees (Doc. No. 11-3. Ex. K).

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Pursuant to Federal Rule of Evidence 201(b), a court may judicially notice facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). Specifically, courts may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, so long as those proceedings have a direct relation to matters at issue. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

Because defendant submitted documents reflecting proceedings in other courts, all of which have a "direct relation" to the dispositive issues of equitable tolling and *res judicata* in this case, the court takes judicial notice of these documents.

/////

4

### B. Motion to Dismiss

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C. Statute of Limitations

The parties agree that plaintiff's civil rights injury accrued on March 20, 2018. (Doc. No. 13 at 7.) The parties also agree that the applicable statute of limitations for a § 1983 claim is two years; therefore, the statute of limitations on plaintiff's claims expired on March 20, 2020— approximately 17 days before plaintiff filed the instant action on April 6, 2020. (*Id.*) Plaintiff argues that he should benefit from equitable tolling of the statute of limitations while he was pursuing his initial federal and state court actions against defendant Harper. (*Id.*)

Rules for equitable tolling are set by the forum state—here, California. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). A statute of limitations may be equitably tolled where (1) there was timely notice to defendants in filing the prior claim; (2) there is a lack of prejudice to defendants in gathering evidence to defend against the subsequent claim; and (3) plaintiffs filed the subsequent claim reasonably and in good faith. *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (1997). With regard to the third prong, "equitable tolling is not available to a plaintiff whose conduct evidences an intent to delay disposition of the case without good cause; and it is certainly not available to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings." *Mitchell v. Frank R. Howard Memorial Hospital*, 6 Cal. App. 4th 1396, 1407–08 (1992).

The parties agree that the first two requirements for equitable tolling are met. (Doc. No. 13 at 7.) However, defendant argues that plaintiff's failure to file this action within the applicable statute of limitations is a direct result of plaintiff's unreasonable, bad faith conduct. Specifically, defendant points out the timing of plaintiff's two forum shifts: the first occurred a mere six days after Judge O'Neill denied plaintiff's request to amend his complaint, and the second occurred only one day before the court would hear an anti-SLAPP motion to strike plaintiff's Fresno County Superior Court complaint. Notably, the anti-SLAPP motion was later evaluated for recovery of attorneys' fees and decided in favor of the defendants. (Doc. No. 11-3 at 64–68.)

Plaintiff admits that he jumped between forums, but he contends that he did so to obtain an earlier trial date, not to avoid unfavorable rulings. (Doc. No. 13 at 8.) He claims that he dismissed his state court action and returned his claims to federal court in April 2020 because the Eastern District of California "added an additional judge" and therefore may hear his case on the merits sooner than expected when he dismissed his first federal complaint. (*Id.*)

Although this court must view the facts in the light most favorable to the plaintiff for purposes of deciding defendant's motion to dismiss, the court is not required to accept implausible assertions. *See Iqbal*, 556 U.S. at 678. Plaintiff's justification for hopping between forums is implausible and unreasonable. Plaintiff was informed in February 2020 that the ongoing judicial emergency in the Eastern District of California would become *more* dire with Judge O'Neill's imminent departure. *See* Stipulation and Order re Modification of Scheduling Order, *Martinez v. City of Fresno*, No. 1:18-cv-00793, (E.D. Cal. Feb. 3, 2020). Indeed, plaintiff admits to being advised that Judge O'Neill's retirement made trial in this court unlikely prior to 2022. (Doc. No. 13-2 at ¶ 10.) And, despite plaintiff's claims otherwise, no new judges were appointed to the Eastern District between plaintiff dismissing his first federal action and his abandoning the superior court action to file this case.

Thus, plaintiff's own version of the facts demonstrates that he "abandon[ed] one court without cause to pursue relief in another." *Bacon v. City of Los Angeles*, 843 F.2d 372, 375 (9th Cir. 1988). Such blatant forum shopping does not demonstrate the reasonable and good faith pursuit of an alternative remedy that would be necessary to equitably toll the statute of limitations

6

under California law. *Id.*

Further, equitable tolling is not available where, as here, a plaintiff voluntarily dismissed actions that were filed within the statute of limitations. *See Sunset Drive Corp. v. City of Redlands*, 2008 WL 11423918 (C.D. Cal. Dec. 2, 2008), *aff'd sub nom*, *Sunset Drive Corp. v. City of Redlands, Cal.*, 370 F. Appx 811 (9th Cir. 2010)[1] (holding that voluntary dismissal of § 1983 claims does not toll the statute of limitations); *see also City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) ("[A voluntary dismissal] 'leaves the situation as if the action never had been filed.' This means that any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action."); *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1117 (9th Cir. 2008) ("California Courts have concluded that absent express statutory language, a plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations."). Though plaintiff filed both his initial federal lawsuit and the subsequent superior court action within the statute of limitations, he voluntarily dismissed both; therefore, he is not entitled to equitable tolling in this action, and his claims are time-barred.

**D.    Res Judicata**

Plaintiff's claims are additionally barred by the doctrine of *res judicata*. The doctrine of *res judicata*, of which claim preclusion is a subset, bars a plaintiff from asserting "claims that were, or should have been, advanced in a previous suit involving the same parties." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015); *see Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (where previous judgment was entered in state court, federal courts must apply the preclusion law of the rendering state). Claim preclusion arises if a subsequent suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824.

Under California law, courts assess whether a subsequent suit involves the same "cause of action" by analyzing "the primary right at stake." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). "[I]f two actions involve the same

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*.

There is no question that plaintiff's Fresno County Superior Court action and this action share "the same injury to the plaintiff and the same wrong by the defendant," *San Diego Police Officer's Ass'n*, 568 F.3d at 734, as well the same parties. As to the final element, plaintiff voluntarily dismissed his superior court action *with prejudice*, which functions as a final judgment on the merits. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) (for purposes of *res judicata*, voluntary dismissal with prejudice is a final judgment on the merits). Because all three elements of claim preclusion are present here, plaintiff's claims against defendant are barred as *res judicata*, and the action should be dismissed.

**CONCLUSION**

For all the reasons explained above, defendant's motion to dismiss (Doc. No. 11) is granted.[2]

IT IS SO ORDERED.

Dated: __October 15, 2021__          _____
                                                              UNITED STATES DISTRICT JUDGE

---

[2] This procedural ruling, compelled by the applicable law, should in no way be misinterpreted as this court condoning defendant Harper's admitted gross misconduct.